**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4644**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA ALLAN HARRIS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:05-cr-00249-WO-1)

_____

Submitted:  September 8, 2022                    Decided:  September 12, 2022

_____

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant. Mary Ann Courtney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Allan Harris appeals from the district court's judgment revoking his supervised release and sentencing him to 44 months' imprisonment, to be followed by 16 months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Harris' sentence is reasonable. Although notified of his right to file a pro se supplemental brief, Harris has not done so. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). Harris' sentence does not exceed the applicable statutory maximum. Accordingly, the remaining question is whether the sentence is plainly unreasonable. "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (alteration in original) (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

2

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Harris' sentence is procedurally and substantively reasonable. The district court correctly identified his policy statement range, considered the relevant statutory factors, and gave sufficiently detailed reasons for selecting its 44-month sentence, which is below the policy statement range. The court acknowledged Harris' 15 months of success on supervised release, but reasoned that the extremely violent nature of the violation, combined with Harris' criminal history and the need to deter future violations and to protect the public, justified the sentence imposed.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Harris, in writing, of the right to petition the Supreme Court of the United States for further review. If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state

3

that a copy thereof was served on Harris.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*